# WORTH, LONGWORTH & LONDON, LLP

ATTORNEYS AND COUNSELLORS AT LAW

111 JOHN STREET, SUITE 640
NEW YORK, N.Y. 10038
TELEPHONE: (212) 964-8038
FACSIMILE: (212) 964-8164

March 3, 2023

**VIA ECF**

Hon. Denise L. Cote
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    Damien Guarniere v. City of New York et, al.,
               21-CV-1739 (DLC)

You Honor,

     I represent Defendant New York City Police Officer Omar Ibrahim in the above-referenced matter. I write pursuant to Your Honor's Order dated February 28th, 2023, to resubmit Officer Ibrahim's request to file under seal or redact certain paragraphs of his memorandum of law in opposition to Co-Defendant City of New York's motion for partial summary judgment and related exhibits. (ECF Document # 80)

     As the Court is aware, Defendant City of New York's motion for partial summary judgment sought the dismissal of Officer Ibrahim's cross-claims for prospective indemnification. (ECF Documents #67-70) Officer Ibrahim's opposition to that motion incorporated documents that were produced by Defendant City of New York during discovery and marked confidential pursuant to Local Civil Rule 83.10(11) and the Protective Order deemed to be issued in cases subject to the Plan for certain §1983 cases. As such, pursuant to section 8 of that Protective Order, any party wishing to file papers with the Court that incorporate confidential materials, or the contents thereof, must first make an application to the Court to file under seal. Before filing the initial motion to file under seal, the consent to file such documents on the public docket was sought from counsel for Defendant City of New York, but not given. Counsel for Defendant City of New York consents to the instant request, which more specifically is to redact certain portions of the memorandum of law and related exhibits. [1]

     The three exhibits sought to be redacted from public view contain records of investigations by the New York City Civilian Complaint Review Board and the NYPD Internal

---

[1] Keeping in mind that the papers should be redacted, "only to the extent necessary to safeguard information sought to be filed under seal," the undersigned discussed with Counsel for Defendant City of New York whether it would consent to redacting only certain portions of the Exhibits. I was advised by Counsel for Defendant City of New York that its position was the entirety of the exhibits should be redacted.

1

Affairs Bureau, and an NYPD personnel record. The portion of Officer Ibrahim's memorandum of law in opposition reveals the contents of the records of the NYPD Internal Affairs Bureau.

"It is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings." United States v. Lopez, No. 18-CR 609 (HG), 2022 U.S. Dist. LEXIS 164282, at *2-3 (E.D.N.Y. Sep. 12, 2022). "A request to redact or unseal judicial documents is subject to the three-part test set forth in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006)." Id. "First, the Court must conclude that the document at issue is a judicial document by examining whether it is relevant to the performance of the judicial function and useful in the judicial process." Id. "If the Court determines the documents are judicial documents, a common-law presumption of access attaches, and the Court must then determine the weight to be given that presumption." Id. "Finally, the Court must balance the weight of presumption of access against any countervailing factors that are present, which may include, but are not limited to, the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." Id.

Discussing the designation as confidential of certain documents produced pursuant to Plan for Certain §1983 cases, Judge Buchwald recently noted "[t]here is no real dispute over whether the text of the Protective Order permits defendants to designate the NYPD Disciplinary Records as confidential." Elliot v. City of N.Y., 2020 U.S. Dist. LEXIS 216028, at *10 (S.D.N.Y. Nov. 18, 2020). "Subsection [2](a), which protects NYPD personnel and disciplinary-related records, and records of investigations regarding the conduct of [NYPD officers] conducted by the NYPD, the Civilian Complaint Review Board, or other agencies, plainly covers the NYPD Disciplinary Records at issue." Id. "[A]fter obtaining the views of the bar, it was the considered judgment of the judges of this District in adopting Local Rule 83.10 that good cause exists … for the provisions of the Protective Order, including the specific treatment of NYPD personnel and disciplinary records as confidential." Id.

Furthermore, in McKenzie v. City of N.Y., 2019 U.S. Dist. LEXIS 211758, at *4 (S.D.N.Y. Dec. 4, 2019), this Court granted in part the City of New York's request to redact portions of its summary judgment motion which incorporated materials marked confidential pursuant to Local Civil Rule 83.10.

I respectfully submit that, considering the Lugosch, factors, the presumption of public access to the redacted portions of the exhibits and memorandum is "outweighed the privacy interests of those resisting disclosure," and the danger of impairing law enforcement objectives. Exhibits C and D to the Declaration of Douglas LaBarbera in opposition to Defendant City of New York's motion for partial summary judgment incorporate NYPD and CCRB disciplinary related records and Officer Ibrahim's Memorandum of Law in opposition reveals the content thereof. Exhibit A contains an NYPD personnel record. I respectfully submit that, considering the Lugosch factors, such records should be redacted from public view.

As such, Officer Ibrahim respectfully requests the Court permit him to redact Exhibits A, C and D to the Declaration of Douglas LaBarbera in opposition to Co-Defendant City of New York's motion for summary judgment and one paragraph on page 8 of his memorandum of law in opposition.

      The proposed findings that supports this request are: (1) Considering the factors described in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006), the presumption of the public's right of access to the Exhibits A, C and D to the Declaration of Douglas LaBarbera in opposition to Defendant City of New York's motion for partial summary judgment, and the redacted portion of his memorandum of law in opposition to that motion, is outweighed by the privacy interest of Officer Ibrahim and Defendant City of New York who resist its disclosure; and (2) Public disclosure of those documents will impair law enforcement objectives.

      We thank the Court for its time and consideration of this matter.

                                                  Respectfully Submitted,

                                                      /s/_____
                                               Doug LaBarbera (DL 6212)

CC: **VIA ECF**

Samuel C. DePaola
SIM & DEPAOLA, LLP
*Attorneys for Plaintiff*
4240 Bell Blvd – Ste 201
Bayside, NY 11361

Daniel Braun
NYC Law Department
*Attorneys for Defendant City of New York*
100 Church Street
New York, New York 10007

*[Handwritten annotation: "Granted. /s/ Denise Cote 3/3/23"]*

3