UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :        21cv1739 (DLC)
DAMIEN GUARNIERE,                      :
                                       :        OPINION AND ORDER
                          Plaintiff,   :
                                       :
              -v-                      :
                                       :
CITY OF NEW YORK, OMAR IBRAHIM, and    :
JOHN OR JANE DOE 1-10,                 :
                          Defendants.  :
                                       :
-------------------------------------- X

APPEARANCES:

For plaintiff:
Ataur Raquib
Samuel Christopher DePaola
Sim & DePaola, LLP
42-40 Bell Boulevard
Suite 405
Bayside, NY 11361

For defendant City of New York:
Daniel Michael Braun
NYC Law Department, Office of the Corporation Counsel (NYC)
100 Church Street
New York, NY 10007

For defendant Omar Ibrahim:
Douglas LaBarbera
Mitchell Garber
Worth, Longworth, London LLP
111 John Street
New York, NY 10038

DENISE COTE, District Judge:

     Damien Guarniere brings this action, alleging an array of

federal, state, and city violations in connection with his May

16, 2020 arrest for violating New York City Administrative Code

§ 10-125(2b).  Defendants have moved for partial summary

judgment.  For the following reasons, partial summary judgment

is granted for the defendants.

## Background

I.  Factual Background

Unless otherwise noted, the following facts are drawn from

the evidence submitted by the defendants in connection with the

defendants' summary judgment motions.  Plaintiff filed no

opposition to defendants' motions for summary judgment, thus the

Court considers these facts undisputed to the extent they are

supported by record evidence.  Fed. R. Civ. P. 56(e)(2); see

also Jackson v. Fed. Express, 766 F.3d 189, 194 (2d Cir. 2014).

The Court draws all reasonable inferences in favor of Guarniere.

Guarniere is a white man in his fifties.  He has admitted

under oath that on May 16, 2020, he was drinking on the street

with younger people, holding an open container half filled with

beer.  He was, in his own words, "buzzed," when a police officer

approached him and asked for identification.  Officer Omar

Ibrahim ("Officer Ibrahim") issued plaintiff a C-Summons for

violating the New York City Administrative Code § 10-125(2)(B).

The summons states that "[a]t TPO [Officer Ibrahim] observed

[Guarniere] standing on a public sidewalk holding a open cup of

a alcholic beverage" [sic].

II.  Procedural History

Guarniere filed his complaint against defendants City of
New York (the "City") and Officer Ibrahim on February 17, 2021.
Guarniere brings twenty-four claims against the defendants: (1)
speech retaliation under New York law and under 42 U.S.C. § 1983
against Officer Ibrahim; (2) unlawful interference with
recording a law enforcement activity under New York law; (3)
unlawful search and seizure under New York law and under § 1983
against Officer Ibrahim; (4) false arrest and false imprisonment
under New York law and under § 1983 against Officer Ibrahim; (5)
assault and battery under New York law; (6) excessive force
under § 1983 against Officer Ibrahim; (7) malicious prosecution
under New York law and under § 1983 against Officer Ibrahim; (8)
malicious abuse of process under New York law and under § 1983
against Officer Ibrahim; (9) denial of the right to due process
under New York law and under § 1983 against Officer Ibrahim;
(10) violation of the Victims of Violent Crime Protection Act;
(11) biased based profiling under New York City law; (12)
deprivation of rights and the denial of equal protection under
New York law and under §§ 1981 and 1983 against Officer Ibrahim;
(13) conspiracy to interfere with civil rights and failure to
prevent conspiracy under §§ 1983, 1985, and 1986 against Officer
Ibrahim; (14) failure to intervene under New York law and under

§ 1983 against Officer Ibrahim; (15) negligent hiring, training, retention, and supervision under New York law; and (16) municipal Monell liability under § 1983 against the City.

The complaint misdescribes the plaintiff as "an African American male" who was placed under arrest, handcuffed, and thrown to the ground.  It contains otherwise barebones, boilerplate accusations.  On August 17, 2022, this case was transferred to this Court.  The plaintiff failed to comply with Southern District of New York Local Rule 83.10 and court orders. He took no discovery, and court orders were required to compel production of HIPPA compliant authorizations and to schedule the plaintiff's deposition.

The City and Officer Ibrahim filed separate motions for summary judgment on February 3 and February 4, 2023, respectively.  Those motions seek dismissal of all claims except for three: assault and battery under New York law; excessive force under § 1983; and violation of the Victims of Violent Crime Protection Act.  Plaintiff failed to file any opposition on February 24, the date on which any opposition was due.  After Chambers inquired of counsel on February 28, plaintiff filed a letter seeking an extension to file his opposition.  On March 1,

the Court denied the request for an extension, and ordered that
the motion would be considered fully briefed as of February 24.[1]

## Discussion

Summary judgment may only be granted when "the movant shows
that there is no genuine dispute as to any material fact and the
movant is entitled to judgment as a matter of law."  Fed. R.
Civ. P. 56(a).  "To present a genuine issue of material fact
sufficient to defeat a motion for summary judgment, the record
must contain contradictory evidence such that a reasonable jury
could return a verdict for the nonmoving party."  Horror Inc. v.
Miller, 15 F.4th 232, 241 (2d Cir. 2021) (citation omitted).
Material facts are facts that "might affect the outcome of the
suit under the governing law."  Choi v. Tower Rsch. Cap. LLC, 2
F.4th 10, 16 (2d Cir. 2021) (citation omitted).

In considering a motion for summary judgment, a court
"construe[s] the facts in the light most favorable to the non-
moving party and must resolve all ambiguities and draw all
reasonable inferences against the movant."  Kee v. City of New
York, 12 F.4th 150, 158 (2d Cir. 2021) (citation omitted).
Nonetheless, the non-moving party must generally "do more than
simply show that there is some metaphysical doubt as to the

---

[1] The City's motion for summary judgment also moves for judgment
on three cross-claims asserted by Officer Ibrahim.  The Court
does not address the cross-claims in this Opinion.

material facts and they may not rely on conclusory allegations
or unsubstantiated speculation." Bermudez v. City of New York,
790 F.3d 368, 373-74 (2d Cir. 2015) (citation omitted).  Where,
as here, no opposition to a summary judgment motion is filed,
the court must be satisfied that "each [assertion] of material
fact is supported by record evidence sufficient to satisfy the
movant's burden of production" and "determine whether the movant
is entitled to summary judgment." Jackson, 766 F.3d at 194-197.

I.   Claims for False Arrest, Unlawful Search and Seizure,
     Malicious Prosecution, Speech Retaliation, and Interference
     with Recording

     Defendants argue that they are entitled to summary judgment
on the claims for false arrest, unlawful search and seizure,
malicious prosecution, speech retaliation, and interference with
recording, because the facts known to Officer Ibhrahim at the
time of plaintiff's arrest provided probable cause to believe
that he had committed a crime.  Summary judgment is granted for
the defendants on these claims.

     "Probable cause to arrest a person exists if the law
enforcement official, on the basis of the totality of the
circumstances, has sufficient knowledge or reasonably
trustworthy information to justify a person of reasonable
caution in believing that an offense has been or is being
committed by the person to be arrested." United States v.

6

Hawkins, 37 F.4th 854, 858 (2d Cir. 2022) (citation omitted);
see also Maryland v. Pringle, 540 U.S. 366, 371-72 (2003)
("[T]he substance of all the definitions of probable cause is a
reasonable ground for belief of guilt" that is "particularized
with respect to the person to be searched or seized." (citation
omitted)).  The relevant facts for assessing probable cause are
"those facts available to the officer at the time of the arrest
and immediately before it."  Ashley v. City of New York, 992
F.3d 128, 136 (2d Cir. 2021) (citation omitted).  The existence
of probable cause "may be determinable as a matter of law if
there is no dispute as to the pertinent events and knowledge of
the officer[]," but "may require a trial if the facts are in
dispute."  Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996).

    The undisputed facts establish that the police had probable
cause to believe that Guarniere committed the crime of
possession of an open container of an alcoholic beverage under
New York City Administrative Code § 10-125(2b).  That section
provides, in pertinent part, that

> No person shall drink or consume an alcoholic
> beverage, or possess, with intent to drink or consume,
> an open container containing an alcoholic beverage in
> any public place except at a block party, feast or
> similar function for which a permit has been obtained.

N.Y. Admin. Code § 10-125(2b).  It is undisputed that Guarniere

possessed and consumed alcohol on a public street, and that at

the time of his arrest he was "buzzed."

Because Office Ibrahim had probable cause for Guarniere's

arrest, Guarniere's claims for false arrest, unlawful search and

seizure, and malicious prosecution are dismissed.  See Ashley,

992 F.3d at 136 (probable cause defeats claim of false arrest

under § 1983 and New York law); Fabrikant v. French, 691 F.3d

193, 215 (2d Cir. 2012) (same, for federal unlawful search and

seizure); Ortiz v. City of New York, 157 N.Y.S.3d 412, 412 (1st

Dep' t 2021) (same, for unlawful search and seizure under New

York law); Kee, 12 F.4th at 161 (same, for malicious prosecution

under § 1983 and New York law)[2].

The claims for speech retaliation and interference with

recording must also be dismissed.  "The presence of probable

cause should generally defeat a First Amendment retaliatory

arrest claim."[3]  Nieves v. Bartlett, 139 S. Ct. 1715, 1726

---

[2] The "probable cause standard in the malicious prosecution
context is slightly higher than the standard for false arrest
cases," and requires "facts and circumstances as would lead a
reasonably prudent person to believe the plaintiff guilty."
Stansbury v. Wertman, 721 F.3d 84, 95 (2d Cir. 2013).  Under
this standard, too, probable cause existed for Guarniere's
arrest.

[3] A "narrow" exception to this requirement exists when a
plaintiff shows "that he was arrested when otherwise similarly
situated individuals not engaged in the same sort of protected

(2019).  "Claims of retaliation for the exercise of free speech under Article I, § 8 of the New York State Constitution are governed by the same principles applicable to First Amendment claims."  Ramsaroop v. Dep't of Educ. of N.Y., No. 20CV4947 (ER), 2023 WL 22621, at *8 (S.D.N.Y. Jan. 2, 2023).  Probable cause is an explicit defense to a claim for unlawful interference with recording a law enforcement activity under New York law.  See N.Y. Civ. Rights Law § 79-p 3(b).  Accordingly, defendants are also entitled to summary judgment on plaintiff's claims for speech retaliation and interference with recording.

II.  Malicious Abuse of Process

To prove abuse of process, a plaintiff must show that the defendant "(1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse of justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process."  Hernandez v. United States, 939 F.3d 191, 204 (2d Cir. 2019) (citing Savino v. City of New York, 331 F.3d 63, 76 (2d Cir. 2003)).  Malicious abuse of process supports liability under § 1983.  Savino, 331 F.3d at 76.

---

speech" were not.  Nieves, 139 S. Ct. at 1727.  Guarniere has not provided any facts to support this "narrow" exception, and has conducted no discovery in this case in an attempt to uncover such facts.

Guarniere has failed to raise a triable issue of fact concerning abuse of process.  Guarniere "has not presented any evidence that [defendants] had an ulterior purpose or objective in facilitating his prosecution."  Savino, 331 F.3d at 78. Accordingly, the defendants are entitled to summary judgment on the state and federal abuse of process claims.

III. Denial of Rights to Due Process

Plaintiff asserts both federal and state claims for denial of rights to fair trial and due process, alleging that defendants "fabricated false evidence to be used against plaintiff that was likely to influence a jury's decision."  To succeed on a fabricated evidence claim, a plaintiff must show that "an (1) investigating official (2) fabricates information (3) that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of life, liberty, or property as a result."  Smalls v. Collins, 10 F.4th 117, 132 (2d Cir. 2021) (citation omitted). The due process guarantees of the New York Constitution have been interpreted by New York courts generally to be coextensive with federal due process protections.  See Oneida Indian Nation of N.Y. v. Madison Cnty., 665 F.3d 408, 427 n.13 (2d Cir. 2011).

The complaint alleges that defendants "fabricated fictitious events and occurrences, which were then falsely

attributed to Mr. Guarniere, namely that Mr. Guarniere was observed to be in possession of an open container of alcohol in a public place, when defendants knew such observations to be complete fabrications." This allegation is meritless. Plaintiff has admitted under oath that he possessed and was consuming an open container of alcohol in public at the time of his arrest.

IV.  Discrimination and Conspiracy Claims

Plaintiff asserts equal protection claims under New York law and 42 U.S.C. §§ 1981 and 1983, and a biased based profiling claim under New York City Law. Plaintiff also brings derivative claims against Officer Ibrahim for conspiracy to interfere with civil rights under §§ 1983 and 1985, and for failure to prevent that conspiracy under § 1986.[4]  Summary judgment is granted for defendants on these claims.

To establish a claim under § 1981, a plaintiff must show (1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate based on the plaintiff's race; and (3) that the discrimination concerned one of the enumerated statutory activities. See Felder v. United

---

[4] A plaintiff's claim "under 42 U.S.C. § 1983, which is styled 'Conspiracy to Violate Civil Rights,' should actually be stated as a claim under Section 1985, which applies specifically to conspiracies." Webb v. Goord, 340 F.3d 105, 110 (2d Cir. 2003).

States Tennis Ass'n, 27 F.4th 834, 848 (2d Cir. 2022).  A

violation of the Equal Protection Clause under § 1983 or New

York law[5] requires: "(1) that the person, compared with others

similarly situated, was selectively treated; and (2) that such

selective treatment was based on impermissible considerations

such as . . . the exercise of constitutional rights."  Berg v.

Kelly, 897 F.3d 99, 113 (2d Cir. 2018) (citation omitted).

Under both §§ 1981 and 1983, a plaintiff pursuing a denial of

equal protection claim "must show that the discrimination was

intentional."  Patterson, 375 F.3d at 226.

     A claim of bias-based profiling is established when the

plaintiff shows that "one or more law enforcement officers have

intentionally engaged in bias-based profiling of one or more

individuals; and the law enforcement officer(s) against whom

such action is brought fail(s) to prove that the law enforcement

action at issue was justified by a factor(s) unrelated to

unlawful discrimination."  N.Y. Admin. Code § 14-151(c)(1)(ii).

A plaintiff's "conclusory allegation that he was profiled based

on an impermissible factor is insufficient to survive summary

judgment."  Al-Anesi v. City of New York, No. 18CV8439

---

[5] "The equal protection guarantees under the New York
Constitution are coextensive with those under the U.S.
Constitution."  Congregation Rabbinical Coll. of Tartikov, Inc.
v. Vill of Pomona, N.Y., 945 F.3d 83, 110 n.211 (2d Cir. 2019).

12

(LAK)(GWG), 2022 WL 1948879, at *12 (S.D.N.Y. June 6, 2022)
(citation omitted).

   To establish a claim under § 1985, a plaintiff must show
"(1) a conspiracy; (2) for the purpose of depriving, either
directly or indirectly, any person or class of persons of the
equal protection of the laws, or of equal privileges and
immunities under the laws; and (3) an act in furtherance of the
conspiracy; (4) whereby a person is either injured in his person
or property or deprived of any right or privilege of a citizen
of the United States." Dolan v. Connolly, 794 F.3d 290, 296 (2d
Cir. 2015) (citation omitted).  To survive summary judgment on a
§ 1985 claim, "a plaintiff must provide some factual basis
supporting a meeting of the minds, such that defendants entered
into an agreement, express or tacit, to achieve the unlawful
end." Webb v. Goord, 340 F.3d 105, 110 (2d Cir. 2003).  A §
1986 claim must be predicated on a valid § 1985 claim.  See
Brown v. City of Oneonta, N.Y., 221 F.3d 329, 341 (2d Cir.
2000).

   The contours of plaintiff's equal protection and biased
profiling claims are unclear.  In his complaint, Guarniere
alleged that -- "as an African American male" -- he was
"discriminated against [] on the basis of his race, color,
national origin, ancestry, gender, religion, religious practice,

13

age, disability or sexual orientation."  Plaintiff also alleges
selective treatment.  In his deposition, however, plaintiff
confirms that he is a "white Caucasian."  Plaintiff then made
several offhanded remarks, explaining he was in fact
discriminated against because "[He] was alone.  [He] was by
[him]self.  [He] was a white older man out there with a bunch of
20 and 30-year-olds drinking on the sidewalk."

Regardless of which theory of discrimination plaintiff's
claims rest on, there is a complete absence of any evidence in
the record to support them.  A non-movant "armed with nothing
more than conclusory allegations of bias" cannot defeat a well-
supported motion for summary judgment.  Williams v. Korines, 966
F.3d 133, 144 (2d Cir. 2020) (citation omitted).  Plaintiff's
claims are "not based on evidence that gives rise to a genuine
issue of material fact but rather on sheer conjecture and
speculation that is insufficient to withstand . . . summary
judgment."  Cine SK8, Inc. v. Town of Henrietta, 507 F.3d 778,
791 (2d Cir. 2007) (citation omitted).  Accordingly, defendants
are entitled to summary judgment on plaintiff's discrimination
and conspiracy claims.

V.    Failure to Intervene

A claim for failure to intervene occurs when a non-
intervening officer "permits fellow officers to violate clearly

14

established statutory or constitutional rights of which a
reasonable person should have known." Berg, 897 F.3d at 113
(citation omitted). But a defendant "cannot be liable for both
the underlying constitutional deprivation and a failure to
intervene to stop themselves from committing that violation."
Buari v. City of New York, 530 F. Supp. 3d 356, 392 (S.D.N.Y.
2021). Because Officer Ibrahim is the only individually-named
defendant in this case, and as a matter of law he cannot
intervene to prevent his own alleged constitutional violations,
plaintiff's failure to intervene claims are dismissed.

VI.  Negligent Hiring, Training, Retention & Supervision

     To prevail on a claim for negligent hiring and retention
under New York law, a plaintiff must show, in addition to the
elements of standard negligence, that: "(1) that the tort-feasor
and the defendant were in an employee-employer relationship; (2)
that the employer knew or should have known of the employee's
propensity for the conduct which caused the injury prior to the
injury's occurrence; and (3) that the tort was committed on the
employer's premises or with the employer's chattels." Rich v.
Fox News Network, LLC, 939 F.3d 112, 129 (2d Cir. 2019)
(citation omitted). Plaintiff has offered no evidence that
Officer Ibrahim violated his right, much less that the City knew
or should have known of his propensity to do so.

VII. <u>Monell</u> Liability

"[A] municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." <u>Jones v. Town of E. Haven</u>, 691 F.3d 72, 80 (2d Cir. 2012) (citation omitted). "[I]solated acts . . . by non-policymaking municipal employees are generally not sufficient to demonstrate a municipal custom, policy, or usage that would justify municipal liability." <u>Id.</u> at 81 (citation omitted). "A municipal policymaking official's 'deliberate indifference' to the unconstitutional actions, or risk of unconstitutional actions, of municipal employees can in certain circumstances satisfy the test for a municipal custom, policy, or usage that is actionable under Section 1983." <u>Id.</u> (citation omitted).

Here, plaintiff has not provided evidence of a single governmental custom or policy that caused the alleged violation of his rights. The defendants are entitled to summary judgment on the plaintiff's <u>Monell</u> claim.

<u>**Conclusion**</u>

The defendants' February 3 and February 4, 2023 partial summary judgment motions are granted as to the plaintiff's

claims.[6]   The claims asserting excessive force under 42 U.S.C. §
1983, assault and battery under New York law, and violation of
the Victims of Violent Crime Protection Act under New York City
law, survive.

Dated:      New York, New York
            March 10, 2023

                                        _____
                                             DENISE COTE
                                        United States District Judge

---

[6] The Court does not decide the merits of the City's motion for
summary judgment on the cross-claims at this time.