```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :   21cv1739 (DLC)
DAMIEN GUARNIERE,                     :
                                      :        ORDER
                        Plaintiff,    :
                                      :
              -v-                     :
                                      :
CITY OF NEW YORK, OMAR IBRAHIM, and   :
JOHN OR JANE DOE 1-10,                :
                        Defendants.   :
                                      :
------------------------------------- X
```

DENISE COTE, District Judge:

A September 2, 2022 Order set a February 4, 2023 deadline for filing the joint pretrial order ("JPTO"). The defendants thereafter filed summary judgment motions and an Order of March 1, 2023 set a March 31 deadline for the filing of the parties' JPTO. Trial is scheduled to begin on April 17.

On March 29, defendant City of New York filed a letter noting that plaintiff had failed to submit a draft portion of the JPTO to defendants, and seeking an order from this Court to compel production. On March 29, this Court ordered that plaintiff's March 31 deadline to file his portion of the JPTO was firm, and warned that any failure to file timely may result in dismissal for failure to prosecute.[1] The plaintiff did not file his portion of the JPTO on March 31.

---

[1] The March 31 Order also granted defendants an extension to April 4, 2023, to file their portion of the JPTO and

At 3:20 a.m. on April 1, plaintiff filed a purported portion of the JPTO. The document estimated a two-to-three-day trial, and listed nineteen fact witnesses. All but one had the same description of their testimony: "Facts relative to incident, arrest, physical injuries, subsequent investigation and findings." Eleven were identified as being from the 19th precinct, and four are from the Internal Affairs Bureau. In addition to the nineteen fact witnesses, it listed five doctors and nurses as testifying to "[f]act and opinion testimony regarding physical injuries, treatment and care," and two custodians of medical records as testifying to the authenticity of medical records.

Although the plaintiff took no depositions, the document indicates "[p]laintiff intends to use depositions as necessary for impeachment purposes and reserve the right to use in their case-in-chief the deposition of any witness who is unavailable," and then lists no depositions. As for exhibits, the document says

> The lists below identify exhibits that each party intends to introduce during its case-in chief. These lists do not include documents to be used exclusively for impeachment or as demonstratives. The parties each reserve the right to utilize and/or introduce any exhibit referred to by the other side, regardless of whether or not the other side introduces same.

---

accompanying filings, so that defendants could have adequate time to respond to plaintiff's portions of the JPTO.

But the document lists no exhibits for plaintiff, leaving instead a template "[INSERT]" placeholder. Notably, plaintiff has not listed any medical records as purported exhibits.

Moreover, plaintiff failed to file requests to charge and proposed voir dire questions as required by Rule 6.B.iii. of this Court's Individual Practices in Civil Cases and the Order of September 2, 2022. Plaintiff has persistently failed to comply with Court deadlines in this action. Accordingly, it is hereby

ORDERED that by **April 6, 2023**, plaintiff shall show cause why all of his listed witnesses shall not be stricken except for the plaintiff, defendant Ibrahim, and Ms. Foto Athansidisis, and that the plaintiff be barred from offering any documentary evidence in his case in chief.

Dated: New York, New York
April 3, 2023

_____
DENISE COTE
United States District Judge

3