```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
DAMIEN GUARNIERE,                        :
                                         :
                        Plaintiff,       :    21cv1739 (DLC)
                                         :
            -v-                          :    MEMORANDUM
                                         :    OPINION AND
CITY OF NEW YORK, OMAR IBRAHIM, and      :      ORDER
JOHN OR JANE DOE 1-10,                   :
                                         :
                        Defendant.       :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiff Damien Guarniere:
Samuel Christopher DePaola
Ataur Raquib
Sim & DePaola, LLP
42-40 Bell Boulevard
Suite 405
Bayside, NY 11361

For defendant City of New York:
Daniel Michael Braun
NYC Law Department, Office of the Corporation Counsel (NYC)
100 Church Street
New York, NY 10007

Kavin Suresh Thadani
New York City Law Department
100 Church Street, 4th Floor
New York, NY 10007

For defendant Omar Ibrahim:
Douglas LaBarbera
Mitchell Garber
Worth, Longworth, London LLP
111 John Street
New York, NY 10038

DENISE COTE, District Judge:

Defendants move, pursuant to Federal Rule of Civil Procedure 41(b), for dismissal of plaintiff Damien Guarniere's remaining claims for failure to prosecute. For the following reasons, the motions are granted.

## Background

Guarniere filed his complaint against defendants City of New York (the "City") and Omar Ibrahim on February 17, 2021, alleging an array of federal, state, and city violations in connection with his May 16, 2020 arrest for violating New York City Administrative Code § 10-125(2b). The complaint misdescribes the plaintiff, who is Caucasian, as "an African American male" who was placed under arrest, handcuffed, and thrown to the ground. It contains otherwise barebones, boilerplate accusations. On August 17, 2022, this case was transferred to this Court.

From the outset, plaintiff has shown a lack of interest in this case's prosecution and persistently failed to comply with court deadlines. The plaintiff failed to comply with Southern District of New York Local Rule 83.10, and court orders were required to compel production of HIPPA compliant authorizations. Plaintiff did not notice any depositions or serve defendants with any interrogatories or discovery demands before the close

of fact discovery, and plaintiff's counsel failed to make plaintiff appropriately available for his deposition.

A September 2, 2022 Order set a February 4, 2023 deadline for filing the joint pretrial order ("JPTO"). The City and Officer Ibrahim filed separate motions for summary judgment on February 3 and February 4, 2023, respectively. Plaintiff failed to file any opposition on February 24, the date on which any opposition was due. On March 10, the Court granted defendants' unopposed motions for summary judgment. Three claims, on which the defendants did not move for summary judgment, survived: assault and battery under New York law; excessive force under § 1983; and violation of the Victims of Violent Crime Protection Act.

An Order of March 1, 2023, set a March 31 deadline for the filing of the parties' JPTO. Trial is scheduled to begin on April 17. On March 29, defendant City of New York filed a letter noting that the plaintiff had failed to submit a draft portion of the JPTO to defendants, and seeking an order from this Court to compel production. On March 29, this Court ordered that plaintiff's March 31 deadline to file his portion of the JPTO was firm, and warned that "[a]ny failure to file timely may result in dismissal for failure to prosecute." The plaintiff did not file his portion of the JPTO on March 31.

At 3:20 a.m. on Saturday April 1, plaintiff filed a facially defective portion of the JPTO, which listed no exhibits, named fact witnesses which plaintiff had not included in his pretrial disclosures, and included boilerplate descriptions of all but one fact witness' supposed testimony.[1] Plaintiff failed to file requests to charge and proposed voir dire questions as required by Rule 6.B.iii. of this Court's Individual Practices in Civil Cases and the Order of September 2, 2022.  On April 3, the City moved for dismissal based on the failure to prosecute, noting plaintiff's "perturbing pattern of noncompliance with Court Orders" and describing plaintiff's purported JPTO as "a careless copy and-paste job."

By Orders dated April 3, 2023, plaintiff was ordered to show cause by April 6, why all of his listed witnesses except for the plaintiff and defendant Ibrahim should not be stricken, and that the plaintiff be barred from offering any documentary evidence in his case in chief.  The plaintiff was also required to file, by April 6, any opposition to the City's April 3 motion to dismiss for failure to prosecute.  Plaintiff failed to show cause or timely file any opposition to the City's motion to dismiss on April 6.  On April 7, defendant Ibrahim moved to

---

[1] The deficiencies in plaintiff's portion of the JPTO are detailed in the Court's Order dated April 3, 2023, ECF No. 97.

dismiss for lack of prosecution and the City renewed its prior motion to dismiss.

## Discussion

Rule 41(b) provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). In determining whether to dismiss an action for failure to prosecute under Rule 41(b), a district court considers five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (citation omitted). "No single factor is generally dispositive." Id.

Dismissal of this action is warranted under Rule 41(b). Plaintiff has evinced a pattern of neglect in this action since the filing of his complaint. The plaintiff has repeatedly missed court deadlines and failed to comply with court orders. The plaintiff has been on notice of the JPTO deadline since September 2, 2022, and the Court's Order of March 29, 2023,

expressly warned plaintiff that failure to file his portion of the pretrial order may result in dismissal. By Order dated April 3, plaintiff was given an opportunity to oppose the City's motion to dismiss for failure to prosecute. Plaintiff filed no opposition, and further failed to show cause why all but two witnesses should be stricken (both named parties to the case) and why plaintiff should not be barred from offering any documentary evidence in his case in chief. The plaintiff bears the burden of proof in this action, and a jury trial is scheduled to begin in less than two weeks. At this juncture, no lesser sanction is available, and this action must be dismissed.

## Conclusion

Defendants' April 7, 2023 motions to dismiss pursuant to Rule 41(b) are granted. The Clerk of Court is directed to enter judgment for the defendants and close the case.

Dated:   New York, New York
         April 7, 2023

                                      _____
                                             DENISE COTE
                                      United States District Judge