# SIM & DePAOLA LLP

*Attorneys-at-Law*
42-40 Bell Boulevard – Suite 405
Bayside, New York 11361
(718) 281-0400

April 6, 2023

**VIA ECF**
Honorable Denise L. Cote
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: *Damien Guarniere v. City of New York, et al.*
       Docket No. 21-cv-1739 (DLC)

Your Honorable Judge Cote,

  The Plaintiff, Mr. Damien Guarniere, by the undersigned counsel, pursuant to the Orders of the Court, dated April 3, 2023 (Doc. 97 and Doc. 98), respectfully submits this letter in opposition to the City's letter motion to dismiss this action for failure to prosecute, under Rule 41(b) of the Federal Rules of Civil Procedure, to show cause why Plaintiff's proposed witnesses, including Ms. Foto Athansidisis, should not be stricken, and why Plaintiff should be permitted to offer documentary evidence at trial.

  It is respectfully submitted that this action should not be dismissed for failure to prosecute because "the sanction of dismissal with prejudice…must be supported by 'clear evidence' of misconduct and 'a high degree of specificity in the factual findings.'" *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463 (2d Cir. 2013) (internal citations omitted)). The City has not adduced to anything in the record that even remotely resembles "clear evidence" of misconduct. The most egregious allegation is the untimely filing of Plaintiff's portion of the Joint Pretrial Order, by only 3-hours. Otherwise, the City improperly attempts to benefit a second time from motions that were already decided in its favor, such as Plaintiff's motion to extend discovery for the purpose of deposing Defendant Ibrahim and his request for an extension of time to oppose defendants' partial motions for summary judgment.

  The Second Circuit has further cautioned "that the sanction of dismissal with prejudice has harsh consequences for clients, who may be blameless, it should be used only in 'extreme situations,' and even then, only upon a finding 'of willfulness, bad faith, or reasonably serious fault." *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013) (internal citations omitted). As the Plaintiff is similarly blameless here, it is respectfully submitted that the dismissal of the action is not warranted.

Further, defendants improperly demanded production of Plaintiff's portions of the pretrial order. All requests to provide support for this demand were refused. Plaintiff also advised defendants that the spirit and intent of the Rules do not appear to favor such an adversarial approach. The Advisory Committee Notes on the 2015 Amendment to Rule 1 of the Federal Rules of Civil Procedure, clarify that:

> Rule 1 is amended to emphasize that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility to employ the rules in the same way. Most lawyers and parties cooperate to achieve these ends. But discussions of ways to improve the administration of civil justice regularly include pleas to discourage over-use, misuse, and abuse of procedural tools that increase cost and result in delay.

Fed. R. Civ. P. 1 *Committee Notes on Rules-2015 Amendment*

Accordingly, the City's relentless use of procedural gamesmanship to divest legitimate and viable claims from injured plaintiffs represents the only real "perturbing pattern" of misconduct. Although Plaintiff and counsel strive to comply with every rule or order of the Court, lapses and oversights have occurred and will occur again. The unfortunate reality is that pandemic induced shutdown and subsequent reopening of the entire court system at the same time has been particularly difficult to navigate for smaller firms due to increased caseloads without concomitant increases in case resolutions or available workforce. Attorneys with relevant federal or any court experience have become increasingly rare and in very short supply.

Moreover, as the City has indisputably benefitted immensely from the prior alleged misconduct of Plaintiff, the City cannot seriously claim any prejudicial effects. As prejudice is major factor to be considered and weighed, it is respectfully submitted that the complete absence of prejudice precludes dismissal here.

Plaintiff does not intend or expect to admit any physical evidence or call any witnesses that would result in undue surprise or other prejudice to defendants. Plaintiff is not aware of any document or witness that could result in any prejudice to defendants. It is axiomatic, however, that prejudice will most assuredly result if plaintiff is not permitted to submit evidence or call witnesses to support his claims.

Notwithstanding, Defendants are fully aware that the officers listed within the JPTO were within the realm of possibility to be called on as witnesses were previously listed as potential fact witnesses as part of Plaintiff's initial disclosures.

Dr. Hausknecht was fully disclosed by Plaintiff as Plaintiff's expert witness along with his medical report of Plaintiff Guarniere. There is no prejudice as Defendants have been fully aware that Plaintiff intends to call Dr. Hausknecht as a trial witness.

Plaintiff was questioned by defendants at length regarding Ms. Foto Athansidisis during both of his depositions this past November and neither defendant has ever expressed any interested in deposing her.

In the alternative, Plaintiff asks to offer into evidence the video of the incident as posted in the New York Post, medical records from Complete Care, and the Narrative Report of Doctor Hausknecht. All evidence to be offered has been previously exchanged with Defendant City and thus there is no prejudice to their defense. They have been made fully aware of the existence of these records, have had ample time to review and prepare their defense, and the highly probable chance that these records would be admitted into evidence.

Any bar to the admissibility of such probative and credible trial evidence would result in tremendous prejudice to Plaintiff whose claims become less likely to prevail. Also, as Plaintiff claims stem from the violations of his rights under the Constitution of the United States by state actors who swore to uphold those very same rights, the preclusion of credible and probative evidence should be considered without compelling cause.

Defendant City's portrayal of the events leading up to the filing of the JPTO is intentionally leaving out very important facts. On March 2, 2023, Defendant City's counsel, Mr. Braun, did reach out to discuss the exchange of the JPTO drafts but as it was meant to be a *joint* Pretrial Order, Plaintiff counsel offered to spend time and work on the JPTO jointly to which Defendant counsel Braun turned down. He instead insisted, demanded and then set his own deadlines for Plaintiff to turn over their portion of the JPTO. The City then seems to argue that the departure of yet another attorney from the law department assigned to this case results in any prejudice to the City, whatsoever. Prejudice cannot be imputed onto the City solely because their own attorney assigned to a trial has made other career plans.

Finally, the City disingenuously implies that defendants provided Plaintiff with their completed portions of the JPTO on March 20, 2023. This is patently untrue which can be readily determined from even a cursory review of the JPTO served on Plaintiff, a copy of which is attached hereto, as Plaintiff's Exhibit 1. On March 20, 2023, defendants emailed the undersigned a purported copy of their completed portions of the JPTO. The only completed portion however, was the section dedicated to the contact information of trial counsel. Clearly, cooperating to submit a pretrial order that achieves its mission of making trial more manageable was not seriously considered. Plaintiff has also attached his Exhibit List, Proposed Jury Charges and Proposed Verdict Sheet, as Plaintiff's Exhibits 2-4, respectively.[1]

Thank you for your consideration herein.

Respectfully submitted,

/s/ *Samuel C. DePaola*
Samuel C. DePaola, Esq.
*Attorney for Plaintiff*
sdepaola@simdepaola.com

---

[1] Plaintiff does not object to the Proposed Voir Dire Instructions Filed by Defendants.