# <u>Worth, Longworth & London, LLP</u>

Attorneys and Counsellors at Law

111 John Street, Suite 640
New York, N.Y. 10038
Telephone: (212) 964-8038
Facsimile: (212) 964-8164

April 8, 2023

<u>VIA ECF</u>

Hon. Denise L. Cote
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    <u>Damien Guarniere v. City of New York et, al.</u>,
           21-CV-1739 (DLC)

Your Honor,

      I represent Defendant New York City Police Officer Omar Ibrahim in the above-referenced matter. I write in response and opposition to Plaintiff's motion for reconsideration of the Court's Memorandum Opinion and Order dismissing this action. (*see*, ECF Document # 111 & 113)

      Pursuant to Federal Rule of Civil Procedure 60(b)(1), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." "The standard for granting motions pursuant to Rule 60 is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" <u>Sullivan v. N.Y.C. Dep't of Investigation</u>, No. 12-cv-2564, 2016 U.S. Dist. LEXIS 168559, at *3 (S.D.N.Y. Dec. 6, 2016). Since rule 60(b) "allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." <u>Id</u>. *citing* <u>Nemaizer v. Baker</u>, 793 F.2d 58, 61 (2d Cir. 1986). "Rule 60(b) may not be used as a substitute for a timely appeal nor may it be used to advance new facts or arguments." <u>Id</u>.

      "Much like a motion under Rule 60, reconsideration pursuant to Rule 59(e) is strict, and reconsideration will generally be denied." <u>Sullivan</u>, No. 12-cv-2564, 2016 U.S. Dist. LEXIS 168559, at *3. "Such requests for reconsideration must point to controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court." <u>Id</u>. "A motion for reconsideration under these rules is not a 'second bite at the apple' for a party dissatisfied with a court's ruling." <u>Id</u>.

1

Plaintiff's motion for reconsideration does not contain any reference to controlling decisions or data the court overlooked. It simply requests the Court reconsider its decision to dismiss this case for failure to prosecute, which was based on Plaintiff's pattern of willfully neglecting Court deadlines, because Plaintiff states his most recent untimely filing was attributable to a computer glitch. First, as mentioned above, Rule 60(b) does not permit a party to advance new arguments. Plaintiff's claim that his delay was the result of a computer glitch is a new argument that he did not raise in his untimely filing of opposition to co-defendant City of New York's motion to dismiss. If Plaintiff's delay was truly attributable to a computer glitch, he would have indicated as such when he made the filing a day after the Court's deadline. Plaintiff failed to do so but raises this new argument in his motion for reconsideration. Furthermore, the Court gave Plaintiff three days to show cause why his witness list should not be stricken and to oppose the motion to dismiss. Plaintiff has not explained to the Court why he was prevented from doing so in advance of the eleventh hour. Given the nature of the request, which was for dismissal, and the fact that Plaintiff had been previously warned that further failures to meet the Court's deadlines might result in the dismissal of this action, it was to be expected that Plaintiff's counsel would have gone to extra lengths to meet this deadline. Plaintiff's failure to do so is just the latest in a pattern of neglect that is indicative of his willful failure to prosecute this case.

Furthermore, Plaintiff's request that the Court reconsider based upon a computer error is extraordinarily vague. Plaintiff states the error "resulted from an apparent filing error that prevented Plaintiff's response and supporting documents from being electronically filed yesterday evening, as intended and believed." As the Court and the parties are no doubt aware, the ECF system automatically results in an email notification to all parties involved, including the filer, immediately upon the filing of a document. The email serves as confirmation to the parties of such a filing. As such, upon receiving no such email confirmation, Plaintiff's counsel should have discovered his alleged mistake. Without more specificity, Plaintiff's allegations seem like an ex post facto justification for a second bite at the apple. Respectfully, the Court should not permit Plaintiff to have one.

Finally, Plaintiff's motion for reconsideration mischaracterizes the Court's Memorandum Opinion and Order dismissing the case for failure to prosecute. The Court's Order was explicit in that it did not rely solely on Plaintiff's most recent untimely filing. The Court's decision was based upon the fact that "[f]rom the outset, plaintiff has shown a lack of interest in this case's prosecution and persistently failed to comply with Court deadlines." This consistent failure culminated in Plaintiff missing two deadlines, within seven calendar days of each other, just weeks before trial was scheduled to begin. To grant Plaintiff's motion for reconsideration, at this stage, would be a tacit encouragement to Plaintiff that his willful and persistent failure to comply with the Orders of this Court is excusable. Respectfully, the Court should refrain from sending such a message.

For the reasons set forth above, we respectfully request the Court deny Plaintiff's motion for reconsideration of the Court's Memorandum Opinion and Order dismissing this case.

We thank the Court for its time and consideration of this matter.

        Respectfully Submitted,

        _____/s/_____
        Doug LaBarbera (DL 6212)

CC: **VIA ECF**

Samuel C. DePaola
SIM & DEPAOLA, LLP
*Attorneys for Plaintiff*
4240 Bell Blvd – Ste 201
Bayside, NY 11361

Daniel Braun
Kavin Thadani
NYC Law Department
*Attorneys for Defendant City of New York*
100 Church Street
New York, New York 10007