UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                              :      21cv1739 (DLC)
DAMIEN GUARNIERE,             :
                              :           ORDER
                 Plaintiff,    :
                              :
          -v-                 :
                              :
CITY OF NEW YORK, OMAR IBRAHIM, and  :
JOHN OR JANE DOE 1-10,          :
                 Defendants.   :
                              :
------------------------------------ X

DENISE COTE, District Judge:

     On April 7, 2023, plaintiff moved for reconsideration,
pursuant to Fed. R. Civ. P. 59(e) and 60(b)(1), of this Court's
Memorandum Opinion and Order of April 7, 2023 dismissing this
action for failure to prosecute (the "April 7 Opinion").
Defendants Omar Ibrahim and City of New York filed letters in
opposition to plaintiff's motion on April 8 and April 10,
respectively.

     The standard for granting a motion for reconsideration is
"strict." Cho v. Blackberry Ltd., 991 F.3d 155, 170 (2d Cir.
2021) (citation omitted). A motion for reconsideration is "not
a vehicle for relitigating old issues, presenting the case under
new theories, securing a rehearing on the merits, or otherwise
taking a second bite at the apple." Analytical Surv., Inc. v.
Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation
omitted). "A party may . . . obtain relief only when the party

identifies an intervening change of controlling law, the
availability of new evidence, or the need to correct a clear
error or prevent manifest injustice." Cho, 991 F.3d at 170
(citation omitted).  The decision to grant or deny the motion
for reconsideration rests within "the sound discretion of the
district court." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir.
2009) (citation omitted).

The Court assumes familiarity with the facts of the suit,
which were outlined in the April 7 Opinion.  That Opinion
dismissed the case pursuant to Fed. R. Civ. P. 41(b) due to
plaintiff's "pattern of neglect in this action since the filing
of his complaint."  The plaintiff has repeatedly missed court
deadlines and failed to comply with court orders in this case.

Plaintiff moves for reconsideration of the April 7 Opinion
on the grounds that plaintiff's most recent untimely submission
-- dated April 6 but filed in the afternoon of April 7 --
resulted from "an apparent filing error."  The docket, however,
does not reflect any effort to timely file the submission on
April 6.  Moreover, the untimely submission fails to adequately
explain or address the several deficiencies noted by the Court
and the defendants in the plaintiff's pretrial order filing.

The April 7 Opinion dismissing this action did not rely
solely on plaintiff's most recent failure to file timely.
Rather, it dismissed the case because "[f]rom the outset,

plaintiff has shown a lack of interest in this case's prosecution and persistently failed to comply with court deadlines."  Moreover, in the filing dated April 6, 2023, plaintiff's counsel admitted that "[a]lthough Plaintiff and counsel strive to comply with every rule or order of the Court, lapses and oversights have occurred and will occur again" (emphasis added).

Plaintiff has pointed to no change of controlling law, availability of new evidence, or clear error that would warrant reconsideration of the April 7 Opinion.  Accordingly, it is hereby

ORDERED that the plaintiff's April 7 motion for reconsideration is denied.

Dated:    New York, New York
          April 11, 2023

                              _____
                                      DENISE COTE
                              United States District Judge